UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SIMON PROPERTY GROUP, L.P.                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:14CV-566-CRS

CASDNS, INC., et al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of defendants CASDNS, Inc. ("CASDNS"), Cas-Com Internet Services, Inc. d/b/a Bestregistrar.com ("Bestregistrar"), and Jeffrey S. Smith ("Smith") for leave to file amended counterclaims, crossclaims and third-party complaint (DN 69).

This action was filed by Simon Property Group, L.P. ("SPG") against CASDNS, Bestregistrar, Smith, COREHub S.R.L.U. a/k/a The Internet Council of Registrars ("CORE"), and John Does 1-10 on August 12, 2014.

Briefly stated, SPG is a business entity that owns a large number of internet domain names. SPG is in the present dispute with CASDNS, Bestregister, Smith, and CORE over sums purportedly owed for domain name registration services and over alleged actions taken in 2014 to prevent or impede SPG's transfer of its domain names to Corporation Service Company, Inc. ("CSC").

This lawsuit was filed in August, 2014. In its response brief filed August 4, 2017, SPG states that "no discovery has been exchanged between the parties in nearly three years, and not a

single deposition has been taken in this matter." DN 70, PageID #732. SPG argues in opposition to defendants' motion for leave to amend that the defendants have been "dilatory" and seek to "send this litigation in an entirely different direction without adequate excuse." DN 70, PageID #733.

On February 2, 2015, the parties entered into an agreed amended scheduling order which established a deadline for amendment of pleadings of June 30, 2015, a discovery cutoff of September 30, 2015, expert discovery cutoff of December 18, 2015, and a dispositive motion deadline of December 31, 2015. DN 39, PageID #428-429. A letter was filed in the record on February 2, 2015 indicating that CORE, located in Barcelona, Spain, had not been served, as the documentation for service was deficient and was returned. There is no indication that CORE has ever been served and there is no counsel of record for CORE. Two months later on April 2, 2015, Smith noticed the court of his filing of a Chapter 7 petition in bankruptcy. DN 41, PageID #435. The court stayed the action as to Smith, but indicated that the case would proceed as to the other defendants. DN 46, PageID #452. The court granted SPG's motion to dismiss the defendants' counterclaim for breach of contract (DNs 44, 45), and no action was taken in the case thereafter for a year.

On June 3, 2016, the court ordered the parties to file a status report within twenty-one days. DN 47. Twenty-one days later, counsel for CASDNS[1] and CAS-COM[2] filed a motion to withdraw as counsel. DN 48, PageID #453. SPG filed a status report on that same date indicating that it had recently contacted both the bankruptcy trustee[3] and counsel for Smith in the bankruptcy proceeding. The bankruptcy trustee was, at that time, uncertain whether the estate

---

[1] CASDNS has been administratively dissolved and has been inactive since 2002.
[2] And also counsel for Smith, prior to his filing for bankruptcy.
[3] Of note, Neil Charles Bordy of Seiller Waterman was employed to represent Trustee Michael E. Wheatley in the Smith bankruptcy. Seiller Waterman now represents defendants Smith, CASDNS, and CAS-CAN in this action, entering appearances in January, 2017.

would pursue Smith's remaining unjust enrichment counterclaim in this action, and bankruptcy counsel indicated that she did not represent Smith, CASDNS or CAS-COM in the civil action. SPG indicated that, based upon information it had received, it believed that CASDNS and CAS-COM were no longer going concerns.

In September, 2016, the United States Magistrate Judge held a status conference, and then permitted counsel for Smith, CASDNS, and CAS-COM to withdraw, affording the corporate defendants thirty days in which to obtain new counsel, and staying the entire matter until January 6, 2017, pending a further status report. DN 52. Counsel did not appear on behalf of the corporations. The magistrate judge extended the deadline to December 20, 2016, noting the possibility of sanctions including striking pleadings or rendering of default judgment against the disobedient party. DN 56, PageID #480. Another thirty-day extension was granted at the request of the defendants. DN 58.

SPG again filed the requested status report, noting that the case has "languished somewhat because Mr. Smith owned Defendants CASDNS, Inc. and CAS-COM Internet Services, Inc….and counsel for the Corporate Defendants ultimately withdrew from representing them in this case." DN 59, PageID #486. SPG also indicated, and this court has confirmed, that Smith's bankruptcy petition was granted and the case was closed on October 31, 2016, the trustee having determined that there was no property available for distribution from the estate. Chapter 7 Trustee Report of No Distribution, dated October 28, 2016.

On January 19 and 20, 2017, counsel entered appearances on behalf of Smith, CASDNS, and CAS-COM. The magistrate judge then entered an order requiring the parties to file an amended agreed scheduling order no later than February 22, 2017. DN 62. The parties did so, setting new deadlines for motions for amendment of pleadings, pretrial and expert discovery, and

dispositive and *Daubert* motions. DN 63, PageID #503-504. The present motion for leave to file amended counterclaims, crossclaims, and third-party complaint (DN 69) was thus timely filed.[4] The magistrate judge had scheduled a settlement conference in this matter, but remanded it at the request of SPG, in light of the filing of the motion for leave to amend. DN 71, PageID #745.

SPG has opposed the motion to amend on the ground that it is filed much too late in the proceedings and would change the scope of the action significantly. DN 70, PageID # 730. It also urges that the proposed amendments should be denied as futile. *Id.*

The court is unsure what to make of the "lateness" argument. On the one hand, as SPG readily admits, no discovery has been taken in this case *at all* for three years. SPG obtained its preliminary injunction early on in the case, by agreement, and apparently has been in no hurry to bring the matter to resolution. One party remains unserved even as of this date. The defendants have avoided participation in discovery, Smith took personal bankruptcy, and his companies appear to no longer be operating. Yet on the other hand, the parties seemed inclined to have a "do over" when they reopened discovery and reset all of the significant deadlines in the case, including the deadline to move for amendment of pleadings.

The proposed amended pleading would add three new third-party defendants, and include six entirely new causes of action. Conspicuously, the motion for leave to amend contains nothing more that the cryptic statement that "additional and supplemental conduct has been undertaken since the filing of their original Counterclaim, and additional parties have engaged in such additional and supplemental conduct, all involving the same subject matter giving rise to this dispute. Accordingly, Defendants/Claimants seek to bring all related and justiciable claims and all parties properly before the Court." DN 69, PageID #518. The reply brief (DN 74)

---
[4] An order of the magistrate judge granted the defendants until July 14, 2017, two weeks beyond the agreed date, in which to file their motion.

provides a little more substantive detail concerning the identity of the parties to be joined and the "conduct" referenced in the motion, however there remain many vagaries which render it impossible for the court to evaluate whether the amendments should be permitted.

One issue now of concern relates to Smith's bankruptcy. The court has looked at the schedules filed by Smith and finds that he failed to list any contingent and unliquidated claim as an asset of personal property on Schedule B. Yet he listed and obtained discharge of SPG's "domain name legal dispute" valued at $500,000 on Schedule F. Thus any claims by Smith, or companies such as CASDNS and CAS-COM which apparently are solely owned by Smith, would arguably be undisclosed property of the bankruptcy estate. The court has carefully reviewed the proposed claims. It appears that these matters arose prior to Smith's discharge in bankruptcy.[5] Additionally, Smith indicated on Schedule B that he had no patents, copyrights, other intellectual property, or licenses, franchises, or other general intangibles. Smith now seeks to recover for the alleged conversion of negative domain names he created and claims to own, having a purported intrinsic value in excess of $175,000. Again, it would appear that such property was omitted from Smith's bankruptcy schedules and recovery therefore would belong to the estate.

For these reasons, the court will set this matter for a hearing, and notice the bankruptcy trustee and the U.S. Trustee in order to ascertain whether there are any claims which may be pursued independently by Smith and/or his companies, or whether the bankruptcy should be reopened and these claims and property listed on amended schedules.

---

[5] Some of the claims are deficient for other reasons, such as the counterclaim for breach of contract which would not be permitted to be refiled in light of the court's prior ruling, and the defamation claim which is so devoid of requisite detail such that it would not withstand a Fed.R.Civ.P. 12(b)(6) motion.

5

Accordingly, **IT IS HEREBY ORDERED** that this matter scheduled for a **HEARING on March 22, 2018 at 11:00 a.m. prevailing local time** to discuss this pending motion.

March 1, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

**IT IS SO ORDERED.**


cc: Counsel of Record

    Michael E. Wheatley, Bankruptcy Trustee
    P.O. Box 1072
    Prospect, KY 40059

    Charles R. Merrill
    U.S. Trustee
    601 West Broadway #512
    Louisville, KY 40202