UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SIMON PROPERTY GROUP, L.P.                                              PLAINTIFF

v.                                                                    NO. 3:14-CV-566-CRS

CASDNS, INC., et al.                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court for consideration of the following motions:

(1) Motion of the plaintiff, Simon Property Group, L.P. ("SPG"), to dismiss counterclaim and crossclaim (DN 94);

(2) Motion of the defendants, CASDNS, Inc., Cas-Com Internet Services, Inc., d/b/a Bestregistrar.com, and Jeffrey S. Smith (collectively, "defendants") for enlargement of time to file amended counterclaim and crossclaim according to order (DN 95).[1]

On February 3, 2020, this court entered a detailed and extensive Memorandum Opinion and separate Order permitting the defendants leave to file a very limited version of the tendered Amended Counterclaims, Crossclaims and Third-Party Complaint. The court ordered them to file an amended version of the pleading conforming to the memorandum opinion and order within thirty days from the date of entry of the order. Forty-five days later, the defendants having failed to comply, SPG filed a motion to dismiss the counterclaim and crossclaim pursuant to Fed.R.Civ.P. 41. The defendants filed a motion for enlargement of time six days later.

---

[1] Rather than properly filing the proposed amended document as an attachment to the motion for leave to file it out of time, counsel has already filed the document in the record. *See* DN 97, Amended Counterclaim and Crossclaim.

Fed.R.Civ.P. 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits." Subsection (c) states that "This rule applies to a dismissal of any counterclaim, crossclaim, or third-party claim."

The defendants' motion for enlargement of time indicates that counsel "inadvertently overlooked" the court's direction to file an amended pleading (DN 95, p. 3)[2], and states that "[t]he delay in tendering a conforming pleading of just a few weeks, which few weeks include the current delay in court activity occasioned by widespread closures due to the coronavirus, will not affect Plaintiff at all" (DN 95, p. 5).

As set forth in the motion to dismiss, this is not the first time that defendants have offered a tardy filing. Contrary to the defendants' assertion in their motion for enlargement of time, this delay is neither "justified" nor totally "harmless." The failure to actually read and attend to the Order of this court has prompted otherwise unnecessary and costly motion practice as well as an unnecessary expenditure of the court's time in addressing the present motions.

The electronic filing system used by counsel has been and remains fully operational and court personnel are working remotely to continue to conduct the daily business of the courts to the best of our abilities given the present limitations on in-person contacts. Counsel is obligated to do the same for their clients.

While *Gilbert v. Norton Healthcare, Inc.*, No. 3:10-CV-380, 2012 U.S.Dist. LEXIS 170890, *15 (W.D.Ky. Nov. 30, 2012) citing *Bass v. Jostens, Inc.*, 71 F.3d 237 (6th Cir. 1995),

---

[2] The defendants did not file an affidavit to this effect with the motion.

cited by SPG, is inapplicable herein[3], the "four factors" analysis was applied in *Carpenter v. City of Flint*, 723 F.3d 700 (6th Cir. 2013) in which the Sixth Circuit reversed the district court's dismissal under Rule 41. As explained in *Carpenter*, dismissal of claims is a sanction of last resort, reserved for the most egregious conduct coupled with identifiable prejudice, and where lesser sanctions will not suffice or have not previously been imposed. The court stated:

> Under this court's precedent, we consider four factors when determining whether dismissal for failure to prosecute was within the district court's discretion: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action. *Mulbah,* 261 F.3d at 589.

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). In applying the factors, the court stated in pertinent part:

> The first factor—whether the party's failure is due to willfulness, bad faith, or fault—requires "a clear record of delay or contumacious conduct." *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997). Contumacious conduct refers to behavior that is " 'perverse in resisting authority' and 'stubbornly disobedient.' " *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir.2008) (quoting *Webster's Third New International Dictionary* 497 (1986)). The plaintiff's "conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.' " *Wu,* 420 F.3d at 643 (quoting *Mulbah,* 261 F.3d at 591).
>
> The conduct at issue here includes (i) repeated failures to abide by local rules requiring filings to be double-spaced and submitted electronically; (ii) delays in responding to Defendants' motion to strike; (iii) failure, within a five-and-a-half-month period, either to file a motion for default judgment after Defendants did not timely file a responsive pleading or otherwise to move the litigation forward through stipulating to a second amended complaint. These first two oversights—repeated noncompliance with local filing rules and a delayed response to Defendants' motion to strike—are less egregious than the types of conduct that we have held reflect a clear record of contumacious conduct warranting dismissal. Unlike other cases where we have affirmed sua sponte dismissals, Carpenter and his counsel have not failed to appear at scheduled pretrial conferences, *see Rogers v. City of Warren,* 302 Fed.Appx. 371, 377 (6th Cir.2008); *Coston v. Detroit Edison Co.,* 789 F.2d 377, 379 (6th Cir.1986), nor have they failed to respond to

---
[3] Both *Gilbert* and *Bass* involve the application of Fed.R.Civ.P. 37 for discovery violations, not Rule 41(b) and (c).

3

> discovery requests, *see Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir.1997), nor have they "acted in contempt of a court order compelling cooperation with such requests." *Mulbah,* 261 F.3d at 592.
>
> Instead, the circumstances in this case are analogous to other cases in which we held that dismissal with prejudice was an abuse of discretion. For example, in *Patterson,* we reversed the district court's dismissal with prejudice, even after counsel failed to comply with procedural rules, failed to submit documents according to court-ordered deadlines, failed to initiate any discovery, and submitted answers to interrogatories four and a half months late. *See Patterson,* 760 F.2d at 687. Although the *Patterson* court "sympathize[d] entirely with the district court's frustration under the circumstances," the court concluded that it was an abuse of discretion to deprive the plaintiff of his day in court. *Id.* at 689. Our past cases have distinguished between "mere dilatory conduct involving a failure to file a specified document" and the more egregious problem of an "attorney's failure to appear on repeated occasions," and we repeatedly have reversed dismissals where the misconduct fell into the former, less egregious, category. *Coston,* 789 F.2d at 379; *see Mulbah,* 261 F.3d at 592–93; *Stough,* 138 F.3d at 615 ("While a pattern of this type of behavior [failing to timely file responses to motions] may be sanctionable, it does not tax the court's time in the same manner as failing to appear for court conferences."). Carpenter's counsel's delayed filings and violations of local rules fall into the less egregious category, and accordingly, these infractions and missteps do not demonstrate a clear record of contumacious conduct warranting dismissal with prejudice.

*Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013). With the guideposts outlined above, we find the failure of the defendants to timely file the required document in this case falls short of establishing the "clear record of delay or contumacious conduct" that justifies the sanction of dismissal in this circuit. We find this to be true even in light of the prior delays, for the reasons explained in the first seven pages of this court's February 2020 Memorandum Opinion. In that Opinion, we addressed at length and rejected SPG's argument concerning the delays which have occurred in this now-six-year-old case, raised in opposition to the motion of defendants for leave to amend their counterclaims. We need not revisit the history of this case again. Suffice it to say, for purposes of this analysis, that neither side has diligently sought resolution of this case on the merits.

With respect to the second factor, prejudice, the Sixth Circuit stated:

4

> The second factor to examine is whether Defendants were prejudiced by Carpenter's counsel's conduct. *Mulbah,* 261 F.3d at 589. A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is "required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon,* 110 F.3d at 368. Here, the district court did not make a finding that Defendants have been prejudiced by Carpenter's counsel's noncompliance with local rules and five-and-a-half-month period of inactivity, nor have Defendants provided any competent evidence indicating such prejudice…This total lack of evidence of prejudice to Defendants weighs against dismissal. *See Carter,* 636 F.2d at 161 (reversing the district court's dismissal when there was "no finding or evidence that defendant was prejudiced by plaintiff's dereliction")...
>
> Defendants have yet to answer the complaint, file a substantive dispositive motion, or engage in discovery activities. Defendants' understandable frustration with Carpenter's counsel during the negotiations over amending the complaint does not warrant a finding of prejudice. *See Schafer,* 529 F.3d at 739–40 (concluding that the prejudice factor weighed against dismissal when defendants made only minimal efforts in response to the complaint); *see also Crossman v. Raytheon Long Term Disability Plan,* 316 F.3d 36, 39 (1st Cir.2002) (concluding that defendants' "expense incurred in unsuccessfully attempting to communicate with [plaintiff].... [is] not unusual in the course of litigation and do[es] not rise to the level of prejudice justifying dismissal"). Accordingly, there is nothing in the record demonstrating that Defendants have wasted substantial time, money, or effort due to the uncooperativeness of Carpenter's counsel…

*Carpenter v. City of Flint*, 723 F.3d 700, 707–08 (6th Cir. 2013). In the case at bar, we do find prejudice insofar as SPG expended time and money in filing the motion we presently address solely due to defendants' counsel's neglect in following the court's Order. The court finds the defendants' cavalier attitude in tossing off the delay as "not affect[ing] Plaintiff at all" wholly misses this point.

Which leads us to the third factor – Notice. This court has warned the defendants on at least two occasions in this case that failure to timely comply with the court's orders may result in sanctions, including striking pleadings or rendering default judgment. DNs 56, 83.

In *Carpenter*, the Court of Appeals found, however, that "routine language in a standard order, warning counsel of possible dismissal as a sanction for failure to comply with any of the

5

provisions of the order, is not necessarily sufficient prior notice to immediately warrant the extreme sanction of dismissal." *Carpenter*, 723 at 708 (quoting *Feeland v. Amigo*, 103 F.3d 1271, 1279 (6th Cir. 1997)).

We find that the defendants were not afforded specific notice that failure to comply with the Order in issue would result in dismissal of their claims, but defendants *were* clearly on notice that failure to follow the court's orders is generally sanctionable conduct and *the defendants were so informed on more than one occasion*. Thus the notice factor favors imposition of a sanction at this point.

The fourth and final factor is the availability of alternative sanctions. In this regard, the Sixth Circuit stated that

> [t]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process.' " *Wu,* 420 F.3d at 644 (quoting *Mulbah,* 261 F.3d at 589) (emphasis in original); *see also Consolidation Coal Co. v. Gooding,* 703 F.2d 230, 232–33 (6th Cir.1983) (" '[D]ismissal with prejudice is warranted only where ... a lesser sanction would not better serve the interests of justice.' " (quoting *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 247 (5th Cir.1980))); Charles Alan Wright et al., 9 *Fed. Practice & Proc. Civil* § 2369 (3d ed.) ("[T]he federal courts have held fairly consistently that, except in extreme circumstances, a court should first resort to the wide range of lesser sanctions that it may impose upon a litigant or the litigant's attorney, or both, before ordering a dismissal with prejudice."). Alternative sanctions may include "levying a fine, barring [counsel] from participating in oral argument, or any other disciplinary action," even dismissal without prejudice. *Mulbah,* 261 F.3d at 593. Although a district court in extreme cases has the power to dismiss with prejudice as the first and only sanction, "where the district court has not manifested consideration of less drastic sanctions, it is more difficult, although not impossible, for this court to conclude that the district court exercised its discretion with appropriate forethought." *Harmon,* 110 F.3d at 368–69.

> In this case, although the district court admonished Carpenter's counsel several times for his failure to comply with local filing rules, the court did not impose any sanction short of dismissal for the past violations. For example, the district court could have imposed a fine on Carpenter's counsel, imposed other disciplinary measures on Carpenter's counsel, or even dismissed the case without prejudice. We acknowledge that the district court had good cause to impose some sanction

> on Carpenter or his attorney, given the continued violations of the local filing rules. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir.1980) (explaining that "[i]t is incumbent on litigants" to follow local rules of procedure). Although counsel has a clear obligation to familiarize himself with a district court's local rules and to follow them, we conclude that an alternative sanction placed on Carpenter's counsel would have been more appropriate before dismissing Carpenter's complaint with prejudice and depriving Carpenter of his day in court. *See Wu,* 420 F.3d at 644–45; *Mulbah,* 261 F.3d at 593–94. Accordingly, this factor weighs against dismissal.

*Carpenter v. City of Flint*, 723 F.3d 700, 709–10 (6th Cir. 2013). Dismissal is not warranted on the present motion. The court has not heretofore sanctioned the defendants in this case. The time has come to do so.

A monetary sanction imposed upon counsel is sufficient in this instance to protect the integrity of the court's pretrial procedures. *Freeland*, 103 F.3d at 1280, citing *Taylor v. Medtronics, Inc.*, 861 F.2d 980 (6th Cir. 1988).

Therefore, for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The motion of the plaintiff, Simon Property Group, L.P., to dismiss (DN 94) is **DENIED.**

2. The motion of the defendant, for enlargement of time to file the amended pleading to conform to the court's order (DN 95) is **GRANTED.**

3. Based upon the foregoing findings, the court *sua sponte* **ORDERS the alternative sanction** that counsel for defendants **PAY THE COSTS OF THE PLAINTIFF'S MOTION TO DISMISS AND RESPONSE TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME.** Plaintiff's counsel shall file its detailed billing records for these filings along with an appropriate affidavit substantiating the requested hourly rate for their preparation. The court will issue an order for payment of costs upon receipt of the plaintiff's materials.

4. The defendants are **hereby placed on notice** that **strict compliance with the orders of this court is mandated going forward** and <u>**failure to comply will result in dismissal of their claims without the requirement of further notice or hearing**</u>.

April 9, 2020

**IT IS SO ORDERED.**

**Charles R. Simpson III, Senior Judge
United States District Court**